UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEXION MEDICAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 04 C 5705 |
| | ) | |
| NORTHGATE TECHNOLOGIES, INC., | ) | |
| SMITH & NEPHEW, INC., and | ) | |
| LINVATEC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on cross motions for summary judgment. Plaintiff Lexion Medical, LLC ("Lexion") moves for summary judgment in its favor. Likewise, Defendant Northgate Technologies, Inc. ("Northgate") moves for summary judgment. For the following reasons, Lexion's motion is granted and Northgate's motion is denied.

### BACKGROUND

This patent infringement case began when Lexion sued Northgate because Northgate's Humi-Flow product allegedly infringed Lexion's patented invention for heating and humidifying the gas used to inflate a patient's abdomen during laparoscopic surgery. Lexion's United States Patent No. 5,411,474 ("the '474 patent") discloses and

claims a method and apparatus for heating and humidifying gas that enters the patient within a four-degree temperature range of a preset temperature. Lexion alleges that the accused Humi-Flow device both heats and humidifies gas inside a chamber before delivering it into a patient's body for use in a laparoscopy.

The case went to trial and the jury entered a verdict against Northgate; it found that claims 11 and 12 of the '474 patent are valid and were infringed by Northgate. Northgate subsequently appealed the verdict with respect to the infringement and validity of the '474 patent. The Federal Circuit considered the prior claim construction of the limitations of claims 11(a) and 11(e), vacated the jury's verdict, and remanded the case.

Claim 11 of the '474 patent recites the following:

A method of providing heated, humidified gas into a patient for an endoscopic procedure comprising the steps of:

a) directing pressure - and volumetric flow rate-controlled gas, received from an insufflator into a chamber having a <u>means for heating</u> the gas to a temperature within a predetermined range and a <u>means for humidifying</u> the gas and being disposed immediately adjacent to the patient, wherein the chamber is in flow communication with and immediately adjacent to a means for delivering the gas to the interior of the patient;
...
e) flowing the gas into the delivering means such that the gas enters the patient humidified and having a temperature <u>within 2°C of the predetermined temperature</u> and thus providing the gas.

On appeal, the Federal Circuit found that the trial court erroneously concluded that Lexion disclaimed a means for humidifying that was not in the path of travel of the

gas as well as a means for heating not disposed within the humidification means. *Lexion Med., LLC v. Northgate Tech., Inc.*, 2008 U.S. App. LEXIS 18825, at *10 (Fed. Cir. Aug. 28, 2008). As a result, the district court improperly instructed the jury that, with regard to claims 11 and 12 of the '474 patent, Lexion had surrendered a humidifying means where "gas flows freely past a humidifying bed." *Id.* Moreover, the district court erroneously lent the disclaimer to the "means for heating" construction because it defined the heating means as a structure found "within" the humidifying means. *Id.* On remand, we are asked to review the party's submissions in light of the Federal Circuit's construction of claim 11.

The Federal Circuit also reviewed limitation (e) of claim 11, which requires that gas be delivered into the patient within 2°C of a "predetermined temperature." *Id.* at *16. It adopted Northgate's argument that "predetermined temperature" is a single temperature point rather than a temperature range. Since the jury was unable to consider this construction when deliberating whether the Humi-Flow met this limitation, the court vacated the judgment and remanded the case based on the new construction of "predetermined temperature."

## LEGAL STANDARD

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. Proc. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986).

When parties file cross motions for summary judgment, each motion must be assessed independently, and denial of one does not necessitate the grant of the other. *M. Snower & Co. v. United States*, 140 F.2d 367, 369 (7th Cir. 1944). Rather, each motion evidences only that the movant believes it is entitled to judgment as a matter of law on the issues within its motion and that trial is the appropriate course of action if the court disagrees with that assessment. *Miller v. LeSea Broad., Inc.*, 87 F.3d 224, 230 (7th Cir. 1996).

With these principles in mind, we turn to the parties' motions.

DISCUSSION

The parties move for summary judgment with respect to two limitations of the asserted claims in the '474 patent: (1) the "means for heating" and "means for humidifying" limitations of claim 11(a); and (2) the delivery of gas "within 2°C of the predetermined temperature" limitation of claim 11(e). Lexion argues that it is entitled to summary judgment of literal infringement of claims 11(a) and 11(e). Northgate, however, requests that we enter summary judgment in its favor on the basis that the Humi-Flow does not literally infringe claim 11(e).

**I. Means for Humidifying**

Lexion asserts that it is entitled to summary judgment on the means of humidifying limitation because the Federal Circuit's new construction eliminated the prosecution disclaimer. The limitation was construed by the district court as "a porous bed or reservoir containing water-retaining material which has been infused with a volume of water,' and equivalents, except those which have been disclaimed." The district court held that Lexion had disclaimed a means for humidifying "where gas flows freely past a humidifying bed."

*A. Literal Infringement*

Lexion now moves for summary judgment of literal infringement on the basis that Northgate's disclaimer defense is moot in light of the Federal Circuit's construction

eliminating prosecution disclaimer. In opposition, Northgate claims that its product does not infringe the '474 patent because the gas travels through channels along the outer surface of the humidification medium and not through a bed of entrapped water. It also asserts that genuine issues of material fact exist because Lexion has failed to present evidence that the Humi-Flow humidification medium is a humidification "bed." Issues not raised in a motion for judgment as a matter of law ("JMOL") are waived. *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 638 (7th Cir. 2003). Northgate did not raise this issue in its motion for JMOL, so it is waived.

Lexion claims that the Humi-Flow literally infringes its '474 patent because the Humi-Flow's humidifying medium is a porous bed with water-retaining material that is infused with water. Literal infringement exists when every limitation recited in the claim is found in the accused device, i.e., when the properly construed claim reads exactly on the accused device. *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 532 (Fed. Cir. 1996). It is undisputed that the humidifying medium in the Humi-Flow is a porous material that absorbs water and evaporates water from its surface. At trial, Northgate's expert Dr. Stuart Brown testified that the Humi-Flow has a "means for humidifying," but that the gas flows freely over the media, which was consistent with the prior disclaimer defense. Moreover, Northgate's employees testified that the humidification medium in the Humi-Flow is a porous material that absorbs water and is infused with water during normal use.

Northgate counters Lexion's argument claiming that the gas in the Humi-Flow "flows in flow channels along the outer surface" of the medium. According to Northgate, the Humi-Flow cannot be found to literally infringe the '474 patent since the gas flows at the outer surface.

Northgate does not offer any countervailing evidence to contradict that the means for humidifying reads exactly on the Humi-Flow. By removing the disclaimer in limitation 11(a), the Federal Circuit broadened the claim limitation on remand. Since it is undisputed that the Humi-Flow has a "means for humidifying" as the humidification medium is a porous material that absorbs water and is infused with water during use and there is no evidence to refute Lexion's proof of literal infringement absent the disclaimer defense, summary judgment of literal infringement of the "means for humidifying" element of claim 11(a) is appropriate.

B. *Reverse Doctrine of Equivalents*

Aside from their literal noninfringement defenses recited above, Northgate contends that the Humi-Flow's humidification medium is not a "means for humidifying" under the reverse doctrine of equivalents. The reverse doctrine of equivalents teaches that an accused device that literally reads on a claim limitation avoids infringement if it "is so far changed in principle from a patented article that it performs the same or a

similar function in a substantially different way." *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1351 (Fed. Cir. 2003).

Northgate claims that the reverse doctrine of equivalents precludes summary judgment in favor of Lexion because the Humi-Flow is an improved version of the '474 patent. Northgate asserts that the Humi-Flow performs the same function in a substantially different way than the '474 patent because it allows gas to flow over the surface of the humidification medium creating higher gas flow rates than the '474 patent, thus making it more efficient during surgery. Devices that have been modified and separately patented may still infringe the claims of the basic patent. *See Texas Instruments, Inc. v. United States Int'l Trade Comm'n*, 805 F.2d 1558, 1563 (Fed. Cir. 1986). Moreover, Northgate argues that the United States Patent Office patented the Humi-Flow, so it cannot be said to infringe. However, the existence of one's own patent does not constitute a defense to infringement of someone else's patent. *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 879 n.4 (Fed. Cir. 1991). Northgate's assertions do not raise a factual issue regarding whether the Humi-Flow performs the same function in a substantially different way.

## II. Means for Heating

Lexion asserts that the Humi-Flow literally infringes the "means for heating" limitation contained in claim 11(a). The district court previously construed the "means

for heating" in the '474 patent as "an electrical heating element within the humidification means and equivalents." The Federal Circuit eliminated the language specifying that the heating element be contained within the humidification means. Lexion now proposes that it is entitled to summary judgment of literal infringement because "means for heating" is "an electrical heating element" or an equivalent.

Northgate opposes Lexion's motion on the grounds that the Federal Circuit only stated that the "means for heating" limitation is construed without application of prosecution disclaimer. Northgate contends, therefore, that the Federal Circuit did not alter the requirement that the "means for heating" be "within the means for humidifying." As a result, Northgate's primary argument to support its denial of summary judgment on this issue is that Lexion has not presented any evidence showing that the electrical heater element of the Humi-Flow is "within the humidification media."

Lexion asserts that when stripped of their disclaimer defense, Northgate's noninfringement argument fails and we should enter summary judgment of literal infringement on the "means for heating" limitation. According to Lexion, the Humi-Flow infringes the '474 patent because it contains an electrical heating element. In support, Lexion offered uncontested evidence at trial consistent with its position that the Humi-Flow contains an electrical heating element. Opposing this portion of Lexion's motion, Northgate claims that the humidification medium only surrounds part of the

Humi-Flow heater element, so the Humi-Flow does not literally infringe. It argues that summary judgment should be denied because the heater element cannot be said to be "within" the humidification bed.

The Federal Circuit discussed as one of the alleged disclaimers the requirement that the "means for heating" be "disposed within the humidification means." It found that the prosecution arguments that the heating means be "within the humidification means" was incorrect and held that on remand we should consider the "means for heating" element without application of prosecution disclaimer. Since it is undisputed that the Humi-Flow contains an electrical heating element consistent with the "means for heating" construction and Northgate proffers no evidence to contradict Lexion's assertion, summary judgment of infringement is granted as to the "means for heating" limitation.

**III. Limitation 11(a): Temperature Within a Predetermined Range**

Claim 11(a) requires "heating the gas to a temperature within a predetermined range." On appeal, the Federal Circuit construed "the predetermined temperature" to mean "a single temperature point." *Lexion*, at *18. Northgate asserts that we should grant summary judgment in its favor because "a temperature" in 11(a) and "the predetermined temperature" of 11(e) have the same meaning of "a single temperature point." According to Northgate, the Humi-Flow does not heat gas to a single

temperature point, so it perceives that the Humi-Flow cannot infringe the '474 patent.

Lexion opposes Northgate's noninfringement defense on the grounds that the argument is waived. An issue that falls within the scope of the judgment appealed from that is not raised by the appellant in its opening brief on appeal is necessarily waived. *Amado v. Microsoft Corp.*, 517 F.3d 1352, 1360 (Fed. Cir. 2008). The proper inquiry is whether Northgate appealed from the judgment of infringement on the basis that the Humi-Flow does not heat gas to a single temperature point. The Federal Circuit only considered the judgment of infringement with regard to the following pertinent limitations of the asserted claims: the "means for heating" and "means for humidifying" limitations of 11(a); and the delivery of gas "within 2°C of the predetermined temperature" limitation of claim 11(e). On appeal, Northgate did not include reference to the noninfringement defense that the Humi-Flow cannot heat gas to a single temperature point.

Moreover, Lexion contends that limitation 11(a) does not require gas to be held at a single temperature and that the Humi-Flow literally infringes on this element because it heats to a single predetermined temperature of 70 degrees, which correlates to a 37°C temperature of the gas. Lexion avers that despite this "nominal" set point of 37°C, variations are likely to occur. Northgate's document explains that a measured set point can differ by virtue of several sources, including calibration tolerance. Resistance

values of the temperature sensors may also lead to varying temperatures. Northgate does not offer any evidence to dispute Lexion's arguments: they concede that the Humi-Flow heater heats gas to a set point and that the gas temperature correlates to the heater temperature. Northgate neither raised this defense on appeal nor offers any countervailing evidence to Lexion's present assertions. Accordingly, Northgate's motion for summary judgment of noninfringement on this claim is denied.

**IV. Limitation 11(e): Within 2°C of the Predetermined Temperature**

Northgate perceives that it is entitled to summary judgment because the Humi-Flow does not always produce gas "within 2°C of the predetermined temperature." It asserts that the predetermined temperature limitation in the '474 patent requires that the temperature of the gas be preset and not altered during a surgical procedure. In support of its position, it argues that we should adopt the Federal Circuit's construction that "predetermined temperature" in 11(e) means a "single temperature point," which causes claims 11(a) and 11(e) to have identical meanings. Opposing Northgate's motion, Lexion contends that the gas entering the patient need not always be within the four-degree temperature range to literally infringe.

To reinforce its contention that the Humi-Flow literally infringes on claim limitation 11(e), Lexion cites *Bell Communications Research, Inc. v. Vitalink Communications, Corp.*, which held that the claim language did not require that the

method step "always" be practiced by the accused product. 55 F.3d 615, 622-23 (Fed. Cir. 1995). Lexion asserts that the '474 patent teaches that the temperature of the gas entering the patient will not always be within the predetermined range. Northgate has failed to identify any claim language to support its argument that the '474 patent requires that the condition always be met. Since the '474 patent discloses that the temperature range will, at times, fluctuate outside of the four- degree range and Northgate has not proffered any evidence to the contrary, Northgate's noninfringement defense fails and summary judgment should be entered against it.

## CONCLUSION

Based on the foregoing, Lexion's motion for summary judgment is granted and Northgate's is denied.

Charles P. Kocoras
United States District Judge

Dated:   April 27, 2009