IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEXION MEDICAL, LLC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-CV-5705 |
| | ) | Hon. Charles P. Kocoras |
| | ) | |
| NORTHGATE TECHNOLOGIES, INC., | ) | |
| SMITH & NEPHEW, INC. and | ) | |
| LINVATEC CORPORATION | ) | |
| | ) | |
| Defendants | ) | |

**JOINT MOTION TO ENTER FINAL JUDGMENT**

Lexion Medical, LLC (Lexion) and Northgate Technologies, Inc., Smith & Nephew, Inc., and Linvatec Corporation (collectively, Defendants) hereby move the Court to enter a final judgment in this matter. This Court granted summary judgment of infringement on April 27, 2009. The parties agree that a final judgment may be entered in this matter consistent with the summary judgment and the mandate of the Court of Appeals for the Federal Circuit in its August 28, 2008 opinion in this matter.

The parties agree on the vast majority of the terms of the final judgment, including the amount of damages, costs, and interest and the fact that injunctive relief should be included in the final judgment. The "Proposed Order of Final Judgment" attached as Exhibit A includes the agreed-upon language, and brackets the few terms upon which the parties disagree. Single brackets highlight language that Plaintiff submits should be included in the final judgment, and double brackets highlight language that Defendants submit should be included in the final judgment.

1

The disagreements between the parties relate to two issues. First, the parties disagree over whether, if the injunction is sustained upon exhaustion of all rights of appeal in this matter, Defendants and their agents should be required to "destroy their molds, engineering drawings, and design history files," as recited in Paragraph 9 of Exhibit A. Lexion seeks to include the destruction requirement. Defendants oppose.

Second, the parties disagree over whether the qualifier "within the United States" should be included in the parts of the final judgment that enjoin Defendants and their agents from, as recited in Paragraphs 7 and 10 of Exhibit A, (1) making, using, selling, and offering to sell the device found to infringe, and 2) transferring to any third party their molds, equipment, machinery, know-how, engineering drawings, or tooling. Defendants seek to include "within the United States." Lexion opposes.

The parties' positions are set forth below for the Court's consideration.

**Lexion's position**

First, Defendants and their agents should be required to "destroy their molds, engineering drawings, and design history files." Second, the qualifiers "within the United States" should not be included in the final judgment, as Defendants have proposed. It is apparent that Defendants want to take the tools of their infringement outside the borders of the United States. Doing so would cause irreparable harm to Lexion. This Court should prevent this irreparable harm by reinstating the injunction previously entered in this case.

Lexion seeks nothing more than reentry of the injunction previously entered in this case—an injunction that was entered after full briefing and that was not opposed on appeal. It is law of the case. Judge Rosenbaum previously granted the exact relief Lexion seeks here—including destruction of molds, engineering drawings, and design history files—using the

language Lexion has proposed—without Defendants' qualifiers "within the United States." *Compare* Order (Docket No. 236) at ¶¶ 9, 11, 12 *with* Exhibit A at ¶¶ 7, 9, 10.[1] Defendants challenged Lexion's entitlement to destruction of the molds, engineering drawings, and design history files, but Judge Rosenbaum included this remedy in his final judgment. *See* Defendants' Response to Plaintiff Lexion's Motion for Judgment on Jury Verdicts (Docket No. 229) at 8; Order (Docket No. 236) at ¶ 11. Defendants did not complain to Judge Rosenbaum concerning the absence of "within the United States." *See* Defendants' Response to Plaintiff Lexion's Motion for Judgment on Jury Verdicts (Docket No. 229) at 5-9.

Judge Rosenbaum's injunctive relief should be reinstated. Defendants did not raise either issue on appeal. *See Lexion Med., LLC v. Northgate Techs., Inc.*, 292 Fed. Appx. 42 (Fed. Cir. 2008). As a result, Defendants have waived any complaint regarding either issue, and Lexion's entitlement to the requested relief is the law of the case. *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1359-62 (Fed. Cir. 2008) (issues not raised by appellant in first appeal are waived). Indeed, reinstatement of the relief ordered by Judge Rosenbaum would be consistent with the mandate of the Federal Circuit, which held that this Court "may reinstate the injunction and [other] awards in the event that a judgment of infringement is entered on remand." *Lexion Med., LLC*, 292 Fed. Appx. at 52. Defendants should not get a second bite at the apple concerning these issues.

Moreover, the relief granted by Judge Rosenbaum should not be modified. The remedy for Defendants' infringement should simultaneously prevent Defendants from benefiting from their infringement and prevent irreparable harm to Lexion. One benefit Defendants have

---

[1] To reduce the number issues before this Court, Lexion has consented to modifying Judge Rosenbaum's language to include "into the United States" after the term "import," but this concession in no way affects the parties' dispute regarding "within the United States" because the concept of "importation" may be ambiguous unless a country or other geographic region is identified.

obtained from their infringement is the very molds, engineering drawings, and design history files that Defendants developed during their infringement. If not for their infringement, Defendants would not even have these materials. And if not destroyed, these materials would enable Defendants to cause further infringement of Lexion's patent and/or to transfer these materials to another party to cause further infringement. Lexion would be irreparably harmed in both situations.

Defendants' infringing competition has resulted in the loss of ongoing business relationships with potential customers by Lexion, which has irreparably harmed Lexion. This harm is well beyond the monetary damages included in the proposed final judgment. The destruction of Defendants' molds, engineering drawings, and design history files is therefore an entirely appropriate remedy. Furthermore, this Court should prevent Defendants from obtaining an early-mover advantage by reusing molds, engineering drawings, and design history files developed during infringement of the patent-in-suit. By retaining these materials Defendants would be able to begin practicing the patented method immediately upon expiration of Lexion's patent. As with third parties who have not infringed, Defendants should not have practiced Lexion's invention and developed these materials until after the patent-in-suit expires. Significantly, Lexion itself practices its patented invention, and Defendants should not be allowed to reenter the market early based on their reuse of molds, engineering drawings, and design history files developed during their infringement.

Defendants apparently would like to retain the ability to transfer their molds, equipment, machinery, know-how, engineering drawings, and tooling to a third party in another country. The parent company of Defendant Northgate Technologies, Inc. (Northgate) is Trudell Medical, a Canadian medical device company with hundreds of millions of dollars in annual sales.

Defendants should not be able to transfer their molds to Trudell. Nor should Defendants be able to transfer their molds to any obscure, judgment-proof, third-world manufacturer. In either case, infringing devices likely would find their way into the United States. Even if Defendants did not intend for Trudell or any other foreign manufacturer to export infringing devices into the United States, Lexion would run the very real risk that this would occur. If Defendants (or a third party) manufactured the infringing products overseas, these products could wind up back in the United States, forcing Lexion to discern who the infringer is, track them down, and pursue expensive infringement litigation (a harm that is not compensable in money damages due to attorney fees, costs, and time expended by Lexion employees).

The irreparable harm to Lexion is apparent. Lexion should not be forced to spend the huge amounts of time, effort, and money to relitigate the infringement of devices designed by Defendants, devices already found to infringe. Nor should Lexion be required to travel to obscure parts of the globe to find manufacturers exporting infringing devices to the United States. Moreover, as a matter of equity, Defendants should not be permitted to take the tools they used for infringement and use them to set up shop overseas to compete with Lexion. Instead, these tools of infringement should be destroyed.

Defendants may also have a warehouse full of the Humi-Flow devices or Humi-Flow device components ready to be sent overseas for use and sale by a third party. Defendants should be prevented from exporting these devices or components, regardless of the fact that the ultimate use and sale would occur outside the United States. Simply put, Defendants are not entitled to outsource their infringement overseas. *See* 35 U.S.C. § 271(f)(1) (infringement includes inducement of "the combination of [] components *outside of the United States* in a manner that would infringe the patent if such combination occurred within the United States")

5

(emphasis added); 35 U.S.C. § 271(f)(2) (infringement includes contributory infringement, where "the component will be combined *outside of the United States* in a manner that would infringe the patent if such combination occurred within the United States") (emphasis added); *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 425 F.3d 1366, 1380 (Fed. Cir. 2005), *reh'g & reh'g en banc denied*, 434 F.3d 1357 (Fed. Cir. 2006) (holding that "§ 271(f) governs method/process inventions" such as the asserted claims of the patent-in-suit). Defendants' version of the final judgment may not prevent this activity; Lexion's clearly would.

Furthermore, to the extent Defendants' position is that activities solely outside the United States are beyond the jurisdiction of the U.S. intellectual property laws, this position is incorrect. "A court in the United States has power to enjoin activities outside the United States." 5 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30:15 (2009) ("It is well-established that United States courts have jurisdiction to apply the Lanham Act to allegedly infringing conduct occurring outside the United States when necessary to prevent harm to United States commerce." (quoting *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 126 F. Supp. 2d 328, 336 (S.D.N.Y. 2001)).

Finally, Northgate has already shown disrespect for the judicial system and its willingness to skate close to the line by dumping its entire inventory of infringing products between the conclusion of the jury trial and Judge Rosenbaum's entry of judgment. *See* Order (Docket No. 250) (finding no willful infringement despite Northgate's liquidation of its entire inventory prior to entry of the Court's injunction). This Court should enter Lexion's requested relief to prevent Northgate from taking similar steps that ultimately irreparably harm Lexion.

**Defendants' position**

Defendants' proposed language properly defines the scope of an appropriate injunction in this case. Defendants are not attempting to re-litigate the damages award and the scope of the injunction. Defendants' proposed injunction is merely to make explicit the jurisdictional limits on Defendants activities and correct ambiguities or mistakes in the original injunction that would result in non-equitable injunction scope.

As proposed by Defendants in paragraph 7, the Defendants are enjoined from making, using or selling the Humi-Flow device "within the United States." The scope of protection of U.S. Patent No. 5,411,474 does not extend to activities that occur exclusively outside the United States. *See Pellegrini v. Analog Devices, Inc.*, 375 F.3d 1113, 1119 (Fed. Cir. 2004) (the rights conferred by a patent "is confined to the United States and its territories and infringement of this right cannot be predicated on acts wholly done in a foreign country"). Thus, Defendants should not be enjoined from making, using and selling products outside of the United States for use outside of the United States. Defendants' proposed language merely makes explicit the jurisdictional scope to which any injunction would be limited. Lexion's proposed language makes no such distinction and should be rejected.

Lexion may argue that this Court should not adopt Defendants' proposed language because Defendants did not appeal the terms of the injunction and, thus, waived the right to challenge the language of the original injunction. Lexion is wrong because there is no waiver issue. The Federal Circuit's mandate stated that "the district court **may** reinstate the injunction . . . ." (Dkt. 275, pp. 16-17) (emphasis added). Thus, the Federal Circuit explicitly remanded the issue of the scope of the injunction for consideration by the district court. Use of the term "may" indicates that this Court is invited to use its discretion to make appropriate modifications to the

language of the previous injunction. Second, even if it is considered that an issue has been waived, this Court still has the discretion to modify the injunction. *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (the district court can modify an injunction after appeal if applying the injunction is no longer equitable). Here, the language of the original injunction improperly enjoins Defendants from engaging in permitted, non-infringing activities that occur outside of the United States. As mentioned above, this is beyond the reach of U.S. patent laws and likely not the intent of the original injunction. *See Pellegrini,* 375 F.3d at 1119. It is therefore appropriate for this Court to use its discretion to correct an ambiguity or mistake in the original injunction, as provided in Defendants' proposed construction.

Similarly, as proposed by Defendants in the language of paragraph 10, Defendants' proposed language properly protects Lexion from the Defendants merely selling the Humi-flow manufacturing equipment to a third party within the United States. For the same reasons described above, however, Northgate should not be precluded from being able to transfer equipment to third parties outside of the United States for manufacture and use outside the United States.

With regard to paragraph 9, Defendants ask this Court to reject the language from paragraph nine in its entirety. Defendants should not be required to destroy molds, engineering drawings, and design history files. As discussed above, the equipment can be used in a permitted, non-infringing manner outside of the United States to make products for use outside of the United States. Requiring the Defendants to destroy the molds, engineering drawings and design history files would preclude this legitimate non-infringing activity. For this reason alone, this Court should reject Lexion's proposed language.

8

Also, it is important to note that the molds themselves and the use of the molds have not been accused of infringement. The asserted claims are method claims related to the *use* of the *Humi-flow* device, not the use of the molds. Requiring destruction of the molds, engineering drawings and design history files goes too far. The mere existence of the molds does not result in an infringement. It is only when the molds are used to manufacture the Humi-flow device, and that device is used, can an infringement occur. As discussed above, Defendants' proposed language to paragraph 7, however, already enjoins Defendants from making the Humi-flow or inducing others or contributing to infringement by others. Thus, the destruction of the molds does not provide any greater protection to Lexion. Lexion's pursuit of the destruction of the molds can only be viewed as an improper punitive measure. For this additional reason, this Court should reject Lexion's proposed language.

Also, a change in circumstances supports rejecting Lexion's proposed language. The original injunction issued over two years ago. At that time, expiration of the patent was six years away, July 14, 2013. Now, the patent will expire only a little over four years and Defendants are planning on appealing this judgment. As a result, after the exhaustion of all rights of appeal, there may only be a very short time left in the patent term. If the molds, engineering drawings, and design history files are destroyed at that time, Northgate will be required to again develop a medical device, even if identical to the Humi-flow device, and submit it for regulatory approval. Lexion may then be able effectively, and improperly, to extend its patent monopoly while Northgate seeks regulatory approval. *See Eli Lilly and Co. v. Medtronic, Inc.*, 496 U.S. 661, 670 (1990). Without the destruction of the molds, Defendants would be able to begin manufacturing and selling activities at the expiration of the patent term. For this additional reason, paragraph 9 should be rejected.

**Conclusion**

The parties respectfully request this Court to enter a final judgment in this matter.

DATED: June 5, 2009

Respectfully submitted,

*/s/ David G. Wille*_____
David G. Wille
   Email: david.wille@bakerbotts.com
David O. Taylor
   Email: david.taylor@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
(214) 953-6595  Telephone
(214) 661-4595  Facsimile

Annette M. McGarry
   Email: amm@mcgarryllc.com
MCGARRY & MCGARRY
120 North LaSalle Street Suite 1100
Chicago, IL 60602
(312) 345-4600 Telephone
(312) 345-4601 Facsimile

**ATTORNEYS FOR PLAINTIFF
LEXION MEDICAL, INC.**


*/s/ Timothy P. Lucier (w/permission)*
Timothy Q. Delaney
   Email: tdelaney@usebrinks.com
Timothy P. Lucier
   Email: tlucier@usebrinks.com
Laura A. Lydigsen
   Email: llydigsen@usebrinks.com
BRINKS HOFER GILSON & LIONE
455 N. Cityfront Plaza Dr.
Chicago, IL 60611
(312) 321-4200 Telephone
(312) 321-4299 Facsimile

**ATTORNEYS FOR DEFENDANTS,
NORTHGATE TECHNOLOGIES, INC.
SMITH & NEPHEW, INC.
LINVATEC CORPORATION**

## **CERTIFICATE OF SERVICE**

This document was served in compliance with the agreements between counsel in the case on June 5, 2009.

 _/s David G. Wille_
David G. Wille